**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE**

**CIVIL ACTION NO. 04-384-DLB**

**GLORIA MARX**                                                                                   **PLAINTIFF**

vs.                                 **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION**                                         **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Gloria Marx filed an application for Disability Insurance Benefits (DIB) on November 16, 2001. (Tr. 60-68) Plaintiff, who was 48 years old at the time of the hearings, has a high school equivalency diploma. She alleges a disability onset date of May 8, 2000, due to low back, right hip, right knee, neck, hand and arm pain; fibromyalgia; colitis; depression, nerves, and anxiety; muscle spasm; chronic fatigue syndrome; vision and ear problems; menopause; difficulties with crowds and dealing with the public; intellectual functioning limitations; headaches; and sleep difficulties. (Tr. 68) Her application was denied initially (tr. 36-39) and on reconsideration (tr. 41-43). Plaintiff then requested a hearing before an administrative law judge, which hearing was held on October 24, 2002

(tr. 474-97), with a supplemental hearing on December 11, 2002 (tr. 498-504), both in Prestonsburg, Kentucky. By written decision dated March 13, 2003, the ALJ ruled that Plaintiff was not under a disability and so was not eligible for DIB payments. (Tr. 16-24) This decision was approved by the Appeals Council on October 28, 2004. (Tr. 6-8)

The instant action was filed on November 8, 2004. It has now culminated in cross motions for summary judgment.

## II.  DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, or combination thereof, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the

claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had an unsuccessful work attempt, but had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 17) At Steps 2 and 3, the ALJ found that Plaintiff has severe impairments of depressive disorder and fibromyalgia. (Tr. 20) The ALJ concluded, however, that Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment found in Appendix 1 to Subpart P of Regulations No. 4. (*Id.*)

At Step 4, the ALJ found that Plaintiff had the physical residual functional capacity (RFC) to perform a significant range of work at the light exertion level, being able to lift and carry up to twenty pounds occasionally and ten pounds frequently, with only occasional kneeling. Nonexertionally, he found her to be moderately limited in her ability to maintain attention and concentration for extended periods of time, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors. He also found her to be seriously limited or with no ability to relate to co-workers, deal with work stresses, and relate predictably in social situations, though she can carry out simple tasks in a task-oriented setting. (Tr. 24) Because Plaintiff's past work as a housekeeper was performed above the light level of exertion, the

ALJ determined that, even with her RFC, Plaintiff was unable to perform this past relevant work. (Tr. 22)

The ALJ therefore proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there are light and sedentary jobs existing in significant numbers in the national economy that Plaintiff could perform, including laundry worker and kitchen preparation at the light level, and hand packer and bench assembler at the sedentary level. (Tr. 23) This conclusion resulted from testimony by a vocational expert ("VE"), in response to hypothetical questions involving a person of Plaintiff's age, education, past relevant work experience, and RFC. (Tr. 501-03)

**C.     Analysis**

Plaintiff's sole contention of error on appeal is that the ALJ should have recontacted her treating physician, Dr. Anthony Stumbo, to determine whether additional information was readily available. In support, Plaintiff notes that the ALJ rejected Dr. Stumbo's opinion because it was not supported by the treatment records, and was inconsistent with the record as a whole. She argues, however, that the ALJ should have, at a minimum, recontacted Dr. Stumbo to seek clarification. Plaintiff claims that the ALJ's failure in this regard violated the mandatory recontact requirement of 20 C.F.R. § 404.1512(e)(1).

In response, the Commissioner argues that an ALJ is required to recontact a medical source only when the evidence of record is inadequate to make a disability determination. She submits that the administrative record in this case, with its opinions from consultative examiners and state agency physicians, was sufficiently developed for the ALJ to render an informed decision. The Commissioner argues that the regulation calls for an ALJ to seek additional evidence or clarification from a medical source when the

...
...
...
...

source report contains a conflict or ambiguity that must be resolved, does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques, none of which was the case here. Alternatively, the Commissioner claims that, even if the ALJ should have recontacted Dr. Stumbo, Plaintiff has alleged no prejudice as a result.

The record reflects office notes and treatment records from Dr. Stumbo covering the period April 1995 through November 2001. (Tr. 171-224) Dr. Stumbo is board certified in internal medicine. His office notes evidence he saw Plaintiff for periodic checks on her diagnosed depression/anxiety and fibromyalgia conditions and for review of her medications, blood work, and urinalyses. (*Id.*) No particularized functional complaints or specific restrictions are noted by Dr. Stumbo, with the exception of his prescription pad note of February 20, 2001,[1] which states "To whom it may concern: I have been following pt. for fibromyalgia, anxiety disorder, depression and hyperlipodemia. Her foremost problem is depression & I do not feel she is able to work." (Tr. 177) The medical source information provided by Dr. Stumbo was reviewed by the ALJ. (Tr. 17-18) The doctor's specific opinion that Plaintiff cannot work was not accepted by the ALJ, as it was "not consistent with [Dr. Stumbo's] office notes and treatment." (Tr. 21)

The regulatory section relied upon by Plaintiff provides, in pertinent part:

*Recontacting medical sources.* When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or decision. To obtain information, we will take the following actions.

---

[1] The ALJ referred to the note as being dated February 20, 2000. (Tr. 17)

5

>  (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

20 C.F.R. § 404.1512(e)(1). The ALJ did not give weight to Dr. Stumbo's opinions because they were not supported by the doctor's treatment as documented. The regulation provides that clarification can be sought in various ways, including "... requesting copies of your medical source's records[.]" 20 C.F.R. § 404.1512(e)(1). But Dr. Stumbo's office records had already been provided and reviewed by the ALJ. And Dr. Stumbo's February 20 note does not in and of itself contain a conflict or ambiguity so much as it is simply unsubstantiated by the doctor's own treatment notes and findings. Moreover, Dr. Stumbo's statement that he does not feel Plaintiff is able to work is actually a conclusion on an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(1).

An ALJ may resolve a conflict between a physician's treatment notes and medical report when the report is not based upon objective medical evidence by discounting the report and relying upon the physician's actual treatment notes. *Littlepage v. Chater*, 134 F.3d 371, 1998 WL 24999, *3 (6th Cir.)(unpublished table decision). Moreover, and as argued by the Commissioner, while an ALJ must recontact the appropriate medical source to resolve a conflict, the ALJ must do so only when the record is insufficient to allow the ALJ to make a determination regarding the claimant's disability. *See* C.F.R. § 404.1512(e). If an ALJ can resolve the conflict by relying on information within the record, the ALJ need not recontact the treating physician. *Id*.

6

In the instant case the record was sufficiently developed to allow the ALJ to make a determination of whether Plaintiff has impairments that rendered her disabled. As to Plaintiff's anxiety and depression, the ALJ discussed at length the mental health treatment notes in the record, the examination and findings of examining psychiatrist Dr. Wayne Edwards, record review and report of non-examining consulting psychiatrist Dr. Stuart Gitlow, and the examinations and opinions submitted by Plaintiff from non-treating psychologists Drs. Phil Pack and Stuart Cooke. (Tr. 18-19) After weighing this evidence, the ALJ looked to the opinions of Dr. Edwards and the attendant assessments by psychologists Drs. Ilze A. Sillers (tr. 286-304) and Edward Ross (tr. 315-333) to determine Plaintiff's mental RFC. (Tr. 21)

As to Plaintiff's fibromyalgia, the ALJ looked to the opinions of examining physician Dr. Stephen Nutter in formulating the physical RFC, given the lack of specific limitations offered or imposed by Dr. Stumbo. (*Id.*) The record was sufficiently developed for the ALJ to make findings for Plaintiff's functional capacity despite her diagnoses. The ALJ had no obligation or need to recontact Dr. Stumbo for clarification or additional information. None of the factual prerequisites discussed above were present; i.e., there was no conflict or ambiguity to be resolved, and reports were complete and appeared to be based upon acceptable clinical and laboratory techniques. Therefore, the ALJ's determination was supported by substantial evidence.

Nor are the authorities Plaintiff relies upon helpful to her cause. Plaintiff asks the court *not* to rely on *Day v. Shalala*, 23 F.3d 1052 (6th Cir. 1994), where the issue centered around the Ohio Bureau of Disability Determination's duty "under 42 U.S.C. § 423(d)(5)(B) to 'make every reasonable effort to obtain from the individual's treating physician (or other

7

treating health care provider) all medical evidence' necessary to making disability determinations[,]" because Plaintiff is not relying on the statute and its requirement. Plaintiff centers her argument around the unpublished Sixth Circuit case of *Persell v. Secretary of Health & Human Services*, 36 F.3d 1097, 1994 WL 520859 (6th Cir.)(unpublished table decision), where the court acknowledged the language of 20 C.F.R. § 404.1512(e) at issue in the instant case. However, in *Persell* the court did not address how the language should be interpreted or applied because the language was added by an amendment made after the ALJ's findings.

Finally, even if the ALJ erred by failing to contact Dr. Stumbo for a clarification or for additional information, any such claimed error was harmless. When a claimant does not "identify [or] offer to present any additional evidence from Claimant's treating physicians showing that Claimant was disabled during the relevant period" then the error is harmless. *Melton v. Com'r of Social Security*, 178 F.3d 1295, 1999 WL 232700, *5 (6th Cir.)(unpublished table opinion). Plaintiff did not offer to present any additional evidence from Dr. Stumbo identifying any prejudice inflicted by the ALJ's failure to seek a clarification. Therefore, any such claimed error was harmless.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #8) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #9) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

Dated this 2nd day of March, 2006.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-384-MarxMOO.wpd